Gkeen, J.
delivered the opinion of the court.
This action of ejectment was brought by the defendant in error to recover a tract of land which he claims by virtue of sheriff’s deed, reciting that the same had been levied on and sold as the property of John Doak. The record of the judgment under which the sale was made shows, that on the 6th of May, 1830, two suits were commenced by warrant before a justice of the peace, wherein Moses Swan was plaintiff, and William Blakely, Moses Ashbrooksand John Doak were defendants. The warrants were executed and returned to the justice of the peace, who rendered judgment for the plaintiffs, endorsing it on the warrants in the following words: “May 7th, 1830: Judgment in favor of the plaintiff for sixty-one dollars and eighty-three cents and costs;” execution was issued by the justice and was levied on the land in dis.pute the 12th of May, 1830, and at May term of the county court of Rutherford an order of sale was made, a venditioni exponas issued, the seventy acre tract of land was sold to Swan, and a deed, dated 5th April, 1831, was executed to him by the sheriff which was duly acknowledged, and on the 21st of April, 1831, was registered according to law. The endorsement of the levy of the justice’s execution upon this tract of land is in these words: “Levied on the right, title, claim and interest that John Doak has in and to seventy acres of land lying on the waters of the west fork of Stone’s river; no personal property to be found.” The defendants claimed title by virtue of a deed from Doak to Isaac Killough for'one hundred and forty-eight acres, and by mesne conveyance from him. The deed from Doak to Killough is dated 5th May, 1830, and registered 15th July, 1830.
I. It is contended, in the first place, that the justice’s judgment is void for uncertainty. The words written on the warrant, “Judgment in favor of the plaintiff for sixty-one dollars and eighty-three cents and costs,” constitute certainly a very brief record of the determination of the case. But the plain meaning is that the judgment is rendered against all the defendants. If it had been against one only and in favor of the rest, it would not have been true that judgment *84 had been given m favor of the plaintiff m the whole casefor it would have been m part against him. W e think there is reasonable certainty in the judgment; and to require more inferior tribunals would be to defeat entirely their jurisdiction.
2. It is next insisted that the levy contains no sufficient description of the land, and. that the sale therefore was without authority and void. It is certainly true that the description given in the levy is somewhat vague; it is only described as “John Doak’s seventy acres of land, on the waters of the west fork of Stone’s river.” In the case of Vance vs. M'Nairy, 3 Yerg. 177, however, the levy was not more certain, and the court held it to be sufficient. The title does not rest upon the description in the levy, but the deed follows and defines its locality with sufficient precision. All that is necessary in the. levy is some general description that will, by reasonable intendment, connect it with the sale and deed, so that a tract of land different from the one levied on may not be sold and conveyed. This, we think, is given in the levy before us.
3. It is contended the court erred in telling the jury that the plaintiff’s title related to the levy by the constable upon the land, and was not limited to the date of the deed or to the,order of sale by the court. The case of Lash vs. Gibson, 1 Murphy’s Rep. 266, and Ellar vs. Ray, 2 Hawks, 568, sustain the opinion of the court below, and we think proper to follow those cases.
Ret the judgment be affirmed,